Allen, J.
delivered the opinion of the Court.
The Court is of opinion, that as it appears that Thomas Griffin was the acting trustee under the deed of trust executed by Alexander Macaulay, on the fifteenth day of November 1797, to Thomas Griffin and Thomas Nelson; that he received the proceeds arising from the trust fund, and disbursed the same so far as they have been accounted for; that although the said Thomas Nelson joined in the execution of the trust by uniting in the sales made necessary to accomplish the purposes of the trust, there is nothing to impute to him any fraud in any of the transactions connected there *579 with ; and as it is not shewn that there is any part of the trust funds in his hands, the parties interested in said trust fund, and the representatives of said Macaulay, have made out no case for charging him for any of his acts as trustee, separately or jointly with his co-trustee, Thomas Griffin. The Court is therefore of opinion, that the bills should have been dismissed as the representatives of said Thomas Nelson.
The Court is further of opinion, that there is no error in so much of the decrees appealed from as decided that the said deed of trust does not furnish conclusive evidence of the extent of the debts thereby intended to be secured to the three preferred creditors, Corbin Griffin, John Jamieson and Francis Jerdone, and that was competent for the parties to shew by other evideuce that the said debts were of less amount than the sums specified in said deed.
The Court is further of opinion, that there was no error in so much of said decrees as decided that all claims or demands of said Corbin Griffin against the said trust fund, under and by virtue of the said deed, and intended to be secured thereby, werfe finally closed- and fully satisfied by the last payment to him, evidenced by the receipt purporting to be dated the twenty-third day of November 1800; so that there is no balance due either to or from said Corbin Griffin’s estate, on account of the said trust matters.
The Court is further of opinion, that there was error in overruling the exception of the executor of said Thomas Griffin deceased, to the charges against him, contained in commissioner Shore’s report, for thirty-nine dollars and sixty cents, and eighty-one dollars and sixty-seven cents, interest on forty-nine pounds ten shillings, the sale of the Hanover town property, — the Court being of opinion, that the trustee was not responsible for interest on the estimated value of said property, or for the rents thereof, it appearing that no rents were in *580 fact received, and it not being shewn that the trustee was any default in not making sale of the property at an earlier period. Deducting said charges of thirty-nine dollars and sixty cents and eighty-one dollars and sixty-seven cents, and correcting commissioner Shore’s report, statements A, B and C, in this respect, the true ¿ue Up0n said statements A and B would be two thousand and one dollars and four cents, with interest 0n one thousand six hundred and eighty-four dollars ... , . . , , . „ and thirty-seven cents, part thereof, from the thirty-first day of December 1803, until paid, and the true balance clue on statement C will be the sum of seven thousand two hundred and eighty-five dollars and sixty-one cents, with interest on five thousand three hundred and thirty-six dollars and ninety-one cents, part thereof, from the thirty-first day of December 1824, until paid; — which sums, with the interest thereon as aforesaid, constitute the true amount of the trust fund remaining due from the acting trustee, Thomas Griffin, and for which his estate is responsible to the parties entitled thereto. And all exceptions, petitions, statements, orders and decrees conflicting with this opinion in regard to the amount of the trust fund remaining due from the acting trustee, are overruled, and those conforming thereto are sustained and affirmed.
The Court is further of opinion, that under the circumstances appearing in this case, the amount due to John Jamieson, on his individual account, must be taken to be one hundred and seventy-three pounds ten shillings and four pence half-penny, amounting, with the interest thereon, to the sum of six hundred and eighty-seven dollars and fifty cents, as appeared upon the settlement made with the Dismal Swamp Land Company. The said Jamieson, by his deeds to said company dated the twentieth day of July 1809, having acknowledged that the trust in the deed of Alexander Macaulay to Thomas Griffin and Thomas Nelson had *581 been completely executed as to the claim of said Jamie-son as an individual, and the representative of said Jamieson not having produced any evidence shewing anything more to be due to his testator as an individual, the sum so appearing on the statement aforesaid, made the basis of the settlement with the Dismal Swamp Land Company, must be taken as the true amount the debt due to said Jamieson, and intended to be secured by the said deed of trust; and all exceptions of the executor of said Jamieson in conflict with this opinion, in regard to the amount of said debt, are overruled. For the excess over said sum of six hundred and eighty-seven dollars and fifty cents, paid to said Jamie-son out of the proceeds of the trust fund, after ing him with the sums paid to Mrs. Macaulay for her dower interest, his estate would be responsible, but for the settlement with and release by the Dismal Swamp Land Company.
And the Court is further of opinion, that it satisfactorily appears that the provision in said deed for the benefit of John Jamieson was intended to secure the individual debt of said Jamieson, and also the debt due by said Alexander Macaulay to the Dismal Swamp Land Company, an association of which said Jamieson was a member. The interest of the company in said deed was asserted shortly after its execution, and in the lifetime of the grantor, and in his own name, in connection with the other members of the association, he being also a member, by the claim preferred in the Federal court in the case of the libel against the ship Charles Carter and said Macaulay. The right of the company was recognized by the said Jamieson and the trustees, and the creditor first preferred; payments ceased to be made to the preferred creditor, Corbin Griffin, after the year 1800, and soon thereafter purchases were made by said Jamieson of valuable property belonging to the trust subject, which property was purchased for the Dis *582 mal Swamp Land Company on account of the claim so as aforesaid recognized to be due to the company ; and the property being afterwards conveyed to the company, has been held, so far as the record discloses, without controversy ever since. After such repeated recognitions by all connected with the transactions, and the acquiescence by all interested in controverting their right to claim under the deed, it is too late to raise the objection now.
Nor can laches be imputed to the eompany so as to defeat their right to recover. Their right to claim under the deed having been acknowledged as aforesaid, payments to and acquisitions of property by them, in satisfaction of their claim, having been acquiesced in, there was no necessity for, nor would there have been any propriety in the institution of proceedings to assert a right under the deed, after such acts of recognition and acquiescence, and when the same had never been controverted. The trustee, the party directly accountable, has not denied, and could not deny, his liability to account for his manner of administering this direct trust, and when the cestuis que trust were apprised of the receipt of a large sum by him, and of his refusal to pay the proceeds over, suit was instituted within a realsonable time thereafter.
The delay which occurred after the institution of the suit, is accounted for in part, by the temporary loss of papers, the improper conduct of the other claimants in setting aside the order recommitting the causes, after the three causes had been heard together, and the order had been made recommitting the three suits to settle the accounts between the parties. Nor is there anything in the evidence on which the claim of the company depends, which renders an account improper. The vouchers filed by them, furnish prima facie evidence of the amount due, and under the circumstances, should be so received, subject to the right of the contesting *583 parties to shew that the funds belonging to the company •and received by Alexander Macaulay were paid over or applied by him to the use of the company.
The Court is further of opinion, that it sufficiently appears that the claim originally belonging to the association has been turned over to and is in fact the pro-_ , - .... perty* of the incorporated company, and said incorporation being now the real owner of the debt, it was competent to sue for and recover the same in the corporate , name, m a Court or equity: — more especially as the trustee and the representative of said Jamieson are parties to the suit, and the latter has not controverted the right of the company, in its corporate name, to recover the fund intended to be secured by the deed by the provision in favour of his testator.
The Court is further of opinion, that there is nothing in the pleadings or proofs to justify an enquiry into the regularity of the sales of the one half share in said pany, and the moiety of the tract of eight thousand acres, purchased at the trustees’ sale by said Jamie-son, and by him conveyed to the company by his deeds of the twentieth day of July 1809. In adjusting the amount due to the said company, it should be charged with the price paid for said property, and also with the amount of the trust fund received by said Jamieson, over and above the sum of six hundred and eighty-seven dollars and fifty cents, the. individual debt due said Jamieson, and the sums paid to Mrs. Macaulay for her dower interest, the excess being the balance for which said Jamieson would have been responsible, but for the release and acquittal of the company, given on the twenty-eighth day of May 1811; but the trust fund, notwithstanding such release, is to be credited as against the claim of the company, with the sum for which said Jamieson would have been responsible. And for the amount which upon an account to be taken upon the principles aforesaid, may appear to be due to the com *584 pany, with interest, the said company is entitled to be first satisfied out of the trust funds ascertained to be due from the estate of Thomas Griffin, surviving trustee, as aforesaid.
And as to the claim of said Francis Jerdone, the Court is of opinion, that there is no satisfactory evidence shewing what, if anything, Was due to him. The answer of said Jerdone, which under the circumstances, is proper evidence against the volunteer, claiming by virtue of a gift and transfer from him, states that there was no debt due to him individually from the estate of Macaulay ; and there is no evidence whatever in the record of the debt which he had been informed was due to himself and William Douglass.
The Court is further of opinion, that the debt due from William B. Christian was embraced by the deed of the fifteenth day of November 1797, and passed to the trustees for the benefit of the creditors therein named, or provided for, and if the fund ascertained to be in the hands of the trustee should be insufficient to discharge their claims, or prove unavailing, they will be entitled to a decree against the administrator of said Alexander Macaulay, for the amount of the debt collected from Christian’s estate, or so much thereof as may be sufficient to discharge their claims.
And the Court is further of opinion, that if none of the general creditors secured by the deed of the fifteenth day of November 1797 should appear, make themselves parties, and establish their claims within a reasonable time, to be prescribed by the Court, the residue of the trust fund, ascertained to be due by this decree from the estate of Thomas Griffin, should any remain after satisfying the amount ascertained to be due to the Dismal Swamp Land Company, should be paid over to the administrator of said Macaulay.
The Court is therefore of opinion, that the decrees aforesaid, so far as they conflict with the principles *585 above declared, are erroneous; therefore it is decreed and ordered, that the same in those particulars be reversed and annulled, and the residue thereof be affirmed; and also that the appellees, who are executors and administrators, out of the estates of their testators and intestates in their hands respectively to be administered, and the other appellees in their own right, do pay the appellants respectively their costs by them expended in the prosecution of their appeals aforesaid here. . -.i i And it is ordered, that the causes be remanded to the Circuit court, of chancery for Henrico county, with instructions to direct an account of the claim of the Dismal Swamp Land Company upon the principles herein indicated, and for all necessary steps in the mean time, to enforce the payment, and for the security of the trust fund, until the causes are matured for a final hearing, and for further proceedings in order to a final decree-according to the principles of this opinion and decree.
Which are ordered to be certified to the said Circuit court.